Kennedy, Jennik & Murray, P.C.
Attorneys for Plaintiffs
113 University Place - 7th Floor
New York, New York 10003
(212) 358-1500
Thomas M. Murray (TM 6605)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
........................................X

RAGLAN GEORGE, JR., as Executive Director of
DISTRICT COUNCIL 1707, AMERICAN FEDERATION
OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO, and BETTY POWELL, as President of
LOCAL 95, DISTRICT COUNCIL 1707, AMERICAN
FEDERATION OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES, AFL-CIO,

                     Plaintiffs,                     **COMPLAINT**

    -against-

JOHN B. MATTINGLY, as Commissioner of the
Administration for Children's Services of the City of
New York, and ADMINISTRATION FOR CHILDREN'S
SERVICES OF THE CITY OF NEW YORK,

                     Defendants.

........................................X

     Plaintiffs, by their undersigned attorneys, allege as follows:

### NATURE OF THE ACTION

    1.    This is an action under 42 U.S.C. §1983 alleging that the City of New York has, under color of state law, abridged the rights and privileges of the union plaintiffs and their members as secured by the laws of the United States.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

3. Venue is proper under 28 U.S.C. §1391(b) because defendant is located in this district.

## PARTIES

4. Plaintiffs District Council 1707, American Federation of State, County and Municipal Employees, AFL-CIO, and its subordinate body, Local 95, District Council 1707, American Federation of State, County and Municipal Employees, AFL-CIO, (collectively, the "Unions" or "DC 1707"), are labor organizations under Section 2(5) of the National Labor Relations Act (herein, the "NLRA"), 29 U.S.C. § 152(5), who represent employees who work for private, not-for-profit agencies, (herein, "Head Start Centers"), which provide early childhood education services under contract with the City of New York with funds allocated by the federal government under Project Head Start, 42 U.S.C. § 9831, *et seq.*

5. Defendant Administration for Children's Services, (herein, "ACS") is an administrative agency of the City of New York which, among other functions, disburses federal funds to Head Start Centers providing services to low-income families throughout the City of New York. ACS is located at 150 William Street, New York, New York 10038-2604. John B. Mattingly is the Commissioner of ACS and is sued in that capacity.

## FACTS

6. The Head Start Centers are represented for purposes of collective bargaining with DC 1707 by the Head Start Sponsoring Board Council of the City of New York, (herein, "HSSBC"), a multi-employer bargaining agent under the National Labor Relations Act. The Head Start Centers are delegate agencies under 42 U.S.C. § 9831(3). The Head Start Centers are employers under Section 2(2) of the NLRA, 29 U.S.C. § 152(2).

7. DC 1707 and HSSBC are, at all material times, parties to a collective bargaining agreement (herein, the "CBA"), covering employees of HSSBC represented Head Start Centers. The effective dates of the CBA are February 1, 2005 through January 31, 2008. DC 1707 and HSSBC are currently negotiating for a successor contract.

8. The United States Department of Health & Human Services, through its Administration for Children & Families, (herein, "HHS"), provides funding to ACS for the delivery of services under Project Head Start.

9. On March 26, 2007, HHS issued its FY 2007 Funding Program Instruction, (herein, the "2007 PI") to grantee agencies, including ACS, which advised the grantee agencies how to apply for funding for fiscal year 2007.

10. The 2007 PI states as follows: "We expect that all staff in Head Start programs will receive a cost-of-living increase of at least 1.5 percent in their hourly rate of pay, subject to the Wage Comparability provisions of Section 653 of the Head Start Act. Any grantee proposing to award salary increase of less than 1.5 percent or proposing to award differential cost-of-living increase to staff must explain its rationale in its budget narrative."

11. To date, ACS has not provided the Head Start Centers with the funding for the

1.5% cost-of-living adjustment, (herein, the "COLA").

12. On December 28, 2007, DC 1707, through its attorneys, demanded that the City of New York release the funding for the COLA. On January 14, 2008, the City of New York advised DC 1707 that it would not release the funding for the COLA.

13. The City of New York Office of Labor Relations (herein "OLR") approves all collective bargaining agreements entered into between DC 1707 and the HSSBC.

14. When the parties to the current collective bargaining agreement between DC 1707 and HSSBC negotiated the CBA, which was approved by OLR, they intended that the 2007 COLA would fund the wage increase in the final year of the collective bargaining agreement.

15. Because the federal government decides the COLA applying to Head Start from year to year, the parties to the CBA negotiated language to reopen the contract for negotiations annually when the federal government made COLA funding available.

16. The health benefits in the DC 1707-HSSBC collective bargaining agreement are paid for and provided by the City of New York through its Central Insurance Program (herein, "CIP").

17. Because of increased health care costs, the City of New York has directed the HSSBC to negotiate new health insurance benefits with DC 1707 in the successor collective bargaining agreement. The City of New York claims that there is no longer sufficient funding under the Head Start grant to cover the cost of health insurance benefits.

18. CIP has mismanaged its health insurance programs and has continued to pay for benefits for employees for years after they have left the employ of the Head Start Centers and have no longer been eligible for, or received, health insurance benefits.

19. Periodically, CIP settles with the insurance carriers with which it contracts and receives refunds for Head Start employees who did not utilize the health insurance plan. Upon information and belief, CIP pays for the health insurance premiums out of the Head Start grant, but does not reimburse the grant when it settles with the health insurance carriers.

20. For may years, DC 1707 has requested information from the City of New York concerning CIP's management of the health insurance program for Head Start employees. The City of New York has consistently refused to provide any information to DC 1707.

## FIRST CAUSE OF ACTION

21. Plaintiffs restate and incorporate by reference, in each cause of action set forth below, the facts set forth above in paragraphs 1-20 above.

22. By refusing to provide the funding for the COLA to the Head Start Centers, ACS, under color of law, is abridging the rights of DC 1707 and its members under the NLRA to engage in collective bargaining.

21. By refusing to provide the funding for the COLA to the Head Start Centers, ACS, under color of law, is abridging the rights of the members of DC 1707 to receive pay increases they are entitled to under the statutes and regulations created by Project Head Start.

## PRAYER FOR RELIEF

WHEREFORE, petitioners pray that this Court:

1. Enter an order requiring Defendant ACS to release funding for the COLA to the Head Start Centers so that they may pay the wage increases intended for the final year of the collective bargaining agreement.

2. Enter a permanent injunction restraining and enjoining respondents, their agents, attorneys, and representatives from refusing to comply with future HHS Funding Program Instructions..

3. Award plaintiffs attorneys' fees and costs; and

4. Grant such other and further relief as is just and equitable under the circumstances.

Dated: New York, New York
       March 12, 2008

                                        KENNEDY, JENNIK & MURRAY, P.C.
                                        Attorneys for Plaintiffs

                                        By: _____
                                        Thomas M. Murray (TM 6605)
                                        113 University Place
                                        New York, NY 10003
                                        (212)358-1500
                                        (212)358-0207 (fax)