MEMO ENDORSED



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/08

**THE CITY OF NEW YORK**

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL CHIU**
*Assistant Corporation Counsel*
Phone: 212-788-1158
Fax: 212-788-0940
E-mail: dchiu@law.nyc.gov

April 23, 2008

***By Hand Delivery***
Honorable Richard J. Sullivan
United States District Judge
United States District Court
500 Pearl Street, Room 615
New York, New York 10007

> Re:  George v. Mattingly, *et al.*,
>      Docket No: 08 CV 2500 (RJS)

Dear Judge Sullivan:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants John B. Mattingly ("Mattingly") and Administration for Children's Services of the City of New York ("ACS") (collectively the "City defendants"). This letter is submitted pursuant to Your Honor's Individual Rule 2(A) to request a pre-motion conference prior to defendants' anticipated motion to dismiss. Defendants anticipate moving to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

      Plaintiff commenced this action against Mattingly and ACS under 42 U.S.C. § 1983 alleging that they have not been paid in accordance with a collective bargaining agreement between plaintiff and Head Start Sponsoring Board Council of the City of New York, Inc. ("Head Start") (the "CBA").

      This action should be dismissed because the CBA is between plaintiff and Head Start. City defendants are separate and distinct from Head Start and are not a party to the CBA. As a result, no privity between plaintiff and defendants exists, and because no privity exists, no action may be maintained by plaintiff against defendants arising from an alleged breach or payment owed by the collective bargaining agreement.

      Even if plaintiffs could establish privity, however, this action must still be dismissed because, in essence, it is a claim commenced under the National Labor Relations Act ("NLRA") The NLRA, however, exempts the City of New York and its agencies from suit under the NLRA. Rodriguez-Rivera v. City of New York, 2007 U.S. Dist. Lexis 19793 *9 (S.D.N.Y. Mar. 12, 2007) (Preska, J.). Plaintiffs therefore cannot maintain this action against the City defendants.

Hon. Richard J. Sullivan
United States District Judge
April 23, 2008
Page 2 of 2

   Based on the foregoing, the City defendants anticipate moving to dismiss the complaint and respectfully request a pre-motion conference prior to their motion.

   Thank you for your consideration of this request.

         Respectfully submitted,

         Daniel Chiu (DC-3381)
         Assistant Corporation Counsel

cc (via facsimile):  Thomas M. Murray, Esq.

Pursuant to Rule 2.A of my Individual Practices, plaintiff should have ~~not~~ submitted a response to Defendants' Pre-motion letter within twe[lve] business days. Since plaintiff has failed to submit such a response, plaintiff is hereby ordered to respond by May 2, 2008. The parties shall appear for a Pre-motion Conference on May 6, 2008 at 11AM.

SO ORDERED
Dated: 4/29/08

RICHARD J. SULLIVAN
U.S.D.J.